MICHELSON LAW GROUP
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone: 415.512.8600
Facsimile: 415.512.8601
Email:     randy.michelson@michelsonlawgroup.com

Attorneys for Chapter 11 Trustee
Randy Sugarman

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 15-42341 RLE 11 |
| EMPYREAN TOWERS, LLC, a California limited liability corporation,<br><br>Debtor. | Chapter 11<br><br>**TRUSTEE'S MOTION FOR ORDER DIRECTING FORMER RECEIVER TO COMPLY WITH ORDER DIRECTING APPOINTMENT OF CHAPTER 11 TRUSTEE**<br><br>Date:     May 4, 2016<br>Time:     2:00 p.m.<br>Judge:    Hon. Roger L. Efremsky<br>Location: 1300 Clay Street<br>Courtroom 201<br>Oakland, CA 94612 |

Randy Sugarman (the "Trustee"), the duly-appointed Chapter 11 Trustee, moves for an order directing Mark Adams (the "Receiver"), the former Receiver, to comply with the Court's Order Directing Appointment of Chapter 11 Trustee (the "Order"), entered November 6, 2015.

Specifically, the Trustee requests that the Court require the Receiver immediately to deliver to the Trustee (a) $5,500, which the Receiver reimbursed himself on November 14, 2015 without a court order; (b) $10,000, which the Receiver reimbursed himself on November 16,

Case: 15-42341   Doc# 357   Filed: 04/28/16   Entered: 04/28/16 16:06:44   Page 1 of 6

2015 without a court order; (c) all other unauthorized transfers the Receiver made to himself; (d) approximately $600, which his monthly reports state the Receiver has had in his Empyrean Towers bank account since December 2015; and (e) all other estate funds and property in the Receiver's possession.  In addition, the Trustee requests that the Receiver, who no longer has any operational duties or role in this case, cease filing monthly reports.

FACTS

**A.    The Existing Orders Requiring the Receiver to Transfer the Estate Funds to the Trustee**

The Order, entered November 6, 2015, granted the Debtor's motion to appoint a trustee to replace the Receiver.  Declaration of Randy Michelson in Support of Trustee's Motion for Order Directing Former Receiver to Comply with Order Directing Appointment of Trustee ("Michelson Decl.") ¶ 2 and Ex. A thereto.  The Order directs that, upon entry of an order approving the appointment of a Chapter 11 trustee, the former Receiver "shall comply with the turnover requirements of sections 543(a) and (b) of the Bankruptcy Code."   Ex. A to Michelson Decl. at 2:5-9.

At the November 12 hearing, the Court ordered Randy Sugarman appointed as Chapter 11 Trustee.  The Order, which memorializes that ruling, was entered on November 16, 2015. Michelson Decl .¶ 3 and Ex. B thereto.  Accordingly, the Receiver was required to comply with Bankruptcy Code Section 543 and deliver all estate property to the Trustee more than five months ago.

For avoidance of doubt, on November 13, 2015, the Trustee notified the Receiver, his counsel and his property manager, Property Management Experts ("PME"), as follows:

> Neither you nor the receiver should make any decision or release any funds without my written consent as I have been appointed by Judge Efremsky as the Chapter 11 trustee and this is a bankruptcy case ...

> Also, I want to be very clear that no cash is to be disbursed to anyone including the receiver without my written consent.

Michelson Decl. ¶ 4 and Ex. C thereto.

**B. The Receiver Paid Himself At Least $15,500 of the November Interim Financing**

Pursuant to the November 13, 2015 Order Authorizing the Receiver to Obtain Senior Secured Loan, the Receiver borrowed $112,500 in interim funding in November. Michelson Decl. ¶ 5.

On November 19, 2015, counsel to the Trustee sent the Receiver's counsel an email that states, "Randy Sugarman has not received the remaining funds from the receiver or the lender. Has the receiver gotten the funds? When will they be sent to the trustee's account?" Michelson Decl. ¶ 6 and Ex. D thereto.

At the November 24, 2015 final hearing on financing, the Trustee advised the Court that, despite multiple requests, the Receiver had failed to account fully for the funds that he had borrowed earlier that month. Accordingly, the Court ordered the Receiver to file an accounting by December 1: "Accounting from Receiver as to the items stated on the record shall be filed within one week." Court's November 24, 2015 Docket Entry.

**C. The Receiver's Accounting States that He Paid Himself At Least $15,5000 of the November Interim Financing**

On December 1, 2015, the Receiver filed his accounting of the November financing (the "Accounting"). Ex. E to Michelson Decl. The Accounting states that the Receiver made two transfers to himself after the Trustee's appointment. According to the Receiver's spreadsheet, the transfers to the Receiver total $15,500 of the $112,500 he borrowed:

| Date | | Lender Deposits | Payments |
|------|--|-----------------|----------|
| 11/13/2015 | Lender Deposit | $5,000.00 | |
| 11/14/2015 | Reimburse Receiver Advance for PGE Payment | | $5,500.00 |
| 11/16/2015 | Lender Deposit | $107,500.00 | |
| 11/16/2015 | Reimburse Receiver for Payroll Advance | | $10,000.00 |
| 11/16/2015 | To PME to pay outstanding payables | | $97,011.82 |
| | **Totals by Column:** | $112,500.00 | $112,511.82 |

*Id.* The entire chart is notated as follows:

This chart reflects only the funding of the $112,500 and disbursements made with the funds. The chart does not include all funds advanced and/or reimbursed to the Receiver. Those are reflected in the appropriate monthly accounting.

*Id.*

**D.    The Trustee's Further Requests to the Receiver for Turn Over**

The Trustee continued his efforts to recover the improper reimbursements after the Accounting was filed. In early December, the Trustee discussed this issue with the Receiver's counsel. On December 15, 2015, the Trustee's counsel, an email entitled "Failure to Transfer Funds to Trustee", emailed the following to the Receiver's counsel:

> Randy (Sugarman) spoke with you last week about the receiver's use of the loan of $112,500 to repay himself $10,000, a use not contemplated or authorized by the Court. Indeed, those funds still have not been delivered to the Trustee by the receiver.

Michelson Decl. ¶ 8 and Ex. F thereto.

The Receiver has yet to transfer the $15,500 he used to repay advances to himself to the Trustee. Michelson Decl. ¶ 9.

**E.    The Trustee's Requests That the Receiver Transfer to the Trustee the Estate's Funds in His Possession**

The Receiver continues to file monthly reports. His December report shows that the Receiver had $584.88 in his Empyrean bank account. Doc # 295 at 3. On January 28, 2016, the day the December report was filed, the Trustee's counsel emailed counsel to the Receiver's counsel asking him to "please have the receiver forward to Randy Sugarman the funds remaining in the bank account." Michelson Decl. ¶ 10 and Ex. G thereto.

Having received no reply, counsel wrote again on February 11, 2016: "The trustee has not yet received the funds. Please follow up with the receiver." Michelson Decl. ¶ 11 and Ex. H thereto. The next day, the Receiver's counsel replied: "I forwarded your message to the Receiver for further follow-up." *Id.* Neither the Trustee nor his counsel has responded further to the requests to the Receiver to remit the estate funds to the Trustee. Michelson Decl. ¶ 12.

The Receiver has never turned over to the Trustee these estate funds in his Empyrean bank account. *Id.* ¶ 13.

**ARGUMENT**

**A.     The Receiver Has Failed to Turn Over Estate Property to the Trustee**

**1.     The Receiver Was Not Authorized to Reimburse Himself**

The Receiver never requested that he be permitted to reimburse himself for any advances, and the Court has not authorized the Receiver to reimburse himself. According to his Accounting, however, the Receiver paid himself $15,500 out of estate funds shortly after the Trustee was appointed. The Accounting asserts that these transfers were reimbursements to the Receiver for advances he made to PGE and for payroll. Ex. E to Michelson Decl. at 3.

It seems that there may be other, similar transactions about which the Trustee does not know given that the Accounting notes that it "does not include all funds advanced and/or reimbursed to the Receiver." *Id.* The Court should require the Receiver to explain that notation.

**2.     The Receiver Should Have Sent Empyrean's Funds to the Trustee Months Ago**

Despite multiple requests by the Trustee, the Receiver also has failed to turn over to the Trustee the funds remaining in his Empyrean bank account. The balance was $584.88 as of December 31, 2015.

The Receiver's failure to transfer the estate's funds to the Trustee upon his appointment last November violates Section 543 of the Bankruptcy Code. It violates the plain and specific language in the Order requiring turnover. And it contravenes the then newly-appointed Trustee's explicit instructions that no funds were to be transferred "to anyone including the receiver" absent the Trustee's written consent. The Trustee sent that proscription to the Receiver, his counsel and his property management company.

**B.     The Receiver's Conduct Is Not Justifiable**

The Receiver's transfer of at least $15,500 in estate funds to himself without having sought or obtained court approval and in direct contravention of the Trustee's instructions and repeated requests for the Receiver to disgorge violates black-letter law. Similarly, the Receiver's

retention of nearly $600 in estate funds notwithstanding Section 543, the Order, and the Trustee's demands to deliver the funds is improper.

The Receiver has required the Trustee to make requests over many months for (a) an accounting, (b) repayment of the reimbursements to the Receiver, (c) transfer of the funds in the Receiver's Empyrean Towers bank account, and, now, (e) the order sought by this motion. These tasks and their associated cost should never have been necessary. Given that the estate's resources are seriously constrained, the Receiver's conduct has harmed the estate.

**CONCLUSION**

The Trustee respectfully requests that his Motion be granted.


DATED:  April 28, 2016                    MICHELSON LAW GROUP


                                          By: _____/ s / Randy Michelson_____
                                                    Randy Michelson
                                             Attorneys for Chapter 11 Trustee
                                                    Randy Sugarman

Case: 15-42341    Doc# 357    Filed: 04/28/16    Entered: 04/28/16 16:06:44    Page 6 of 6